IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1997 SESSION



**FILED**

**March 17, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

STATE OF TENNESSEE,     )
     )
     APPELLEE,     )
     )     No. 01-C-01-9703-CC-00081
     )
     )     Grundy County
v.     )
     )     Thomas W. Graham, Judge
     )
     )     (DUI, Reckless Driving,
     )     and Resisting Arrest)
WANDA KAY ZAID,     )
     )
     APPELLANT.     )

FOR THE APPELLANT:

Sherry D. Gouger
Assistant Public Defender
P.O. Box 220
Jasper, TN 37347-3427

OF COUNSEL:

Phillip A. Condra
District Public Defender
P.O. Box 220
Jasper, TN 37347-3427

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN 37343-0493

Clinton J. Morgan
Counsel for the State
425 Fifth Avenue, North
Nashville, TN 37243-0493

J. Michael Taylor
District Attorney General
265 Third Avenue, Suite 300
Dayton, TN 37321

Thomas D. Hembree
Assistant District Attorney General
P.O. Box 130
Jasper, TN 37347-0130

OPINION FILED:_____

AFFIRMED IN PART, REVERSED IN PART

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Wanda Kay Zaid (defendant), was convicted of driving while under the influence, a Class A misdemeanor, reckless driving, a Class B misdemeanor, and resisting arrest, also a Class B misdemeanor, by a jury of her peers. The trial court imposed the following sentences: (a) driving while under the influence, a fine of $350 and confinement for fifteen (15) days, (b) reckless driving, a fine of $50 and confinement for fifteen (15) days, and (c) resisting arrest, a fine of $100 and confinement for five (5) days.[1] The court ordered the defendant to serve the sentences for driving while under the influence and reckless driving concurrently, but ordered these sentences to be served consecutively to the sentence for resisting arrest. While the defendant presents five issues for review, these issues may be consolidated into three issues. The defendant contends (a) the evidence contained in the record is insufficient, as a matter of law, to support her convictions, (b) the indictment for resisting arrest does not state a crime, and (c) the sentences imposed by the trial court are excessive. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this court that the judgments of the trial court for driving while under the influence and resisting arrest should be affirmed, and the judgment for reckless driving should be reversed and the prosecution dismissed as the evidence is insufficient to support the conviction.

On the evening of August 19, 1995, Sergeant William S. Holloway, a law enforcement officer with the Gruetli-Laager Police Department, received a radio communication regarding a gray Dodge pickup truck. While patrolling on Highway 108, he followed a gray Dodge pickup truck to the Gruetli-Laager Dairy Bar. He pulled into the parking lot, exited his patrol car, and went inside the Dairy Bar. The driver of the Dodge pickup truck placed an order at the drive-through window. The pickup truck left the Dairy Bar before obtaining the order.

Sergeant Holloway heard the sound of rubber caused by the spinning of tires on

---

[1]The trial court granted split confinement. In addition to spending time in confinement in the Grundy County Jail, the defendant must serve a period of probation in each case.

pavement. He noticed the gray Dodge pickup was the vehicle spinning its tires as it reentered Highway 108. He activated his emergency lights and siren as he attempted to stop the pickup. He noticed the pickup was exceeding the speed limit. The driver of the pickup turned into a private driveway approximately one-tenth of a mile north of the Dairy Bar. Sergeant Holloway followed the pickup until it stopped near a residence approximately forty feet from the highway.

The defendant was behind the steering wheel. She exited the pickup truck on the driver's side and walked toward Sergeant Holloway's patrol car. Sergeant Holloway noticed the defendant was unsteady on her feet. He asked the defendant for her driver's license, and the defendant produced a driver's license. She became argumentative and demanded to know why Sergeant Holloway stopped her. A strong odor of an intoxicating beverage was detected by Officer Dycus, who arrived a short time after Sergeant Holloway stopped the defendant. Sergeant Holloway asked the defendant how much she had had to drink. The defendant told him "she had a few," but she did not state what she drank. It was the officer's opinion the defendant was under the influence. He gave the defendant field sobriety tests, which she failed. He placed the defendant under arrest.

When Sergeant Holloway attempted to handcuff the defendant, she pulled away from him. Subsequently, Sergeant Holloway was able to place the handcuffs on one wrist, but the defendant continued to pull away so he could not place the handcuffs on the other wrist. Finally, Officer Dycus assisted Sergeant Holloway so he could complete handcuffing the defendant. Sergeant Holloway testified they "scuffled just a little bit" before the procedure could be completed.

The defendant demanded a blood alcohol test as opposed to a chemical breath test. A medical doctor was called to the jail. He attempted to draw the blood, but the defendant would not let him stick the needle in her arm. She told the doctor she would insert the needle herself and draw the blood. The doctor advised the defendant he had to draw the blood. He attempted to take blood three times, and she refused three times. The doctor then left the jail.

The defendant presented one witness in support of her defense, Deborah Anderson Walston, who lived in the residence at the end of the driveway. She testified she and the

3

defendant were close friends. They had known each other since childhood.

Walston stated the pickup truck was owned by a cousin, Leonard Kilgore. Kilgore, who was intoxicated, said Walston could drive his truck. She claimed to be driving the pickup truck, and said the defendant was only a passenger in the pickup. According to Walston, the defendant could not perform the field sobriety tests because she had a bone disease. Walston denied the defendant drank any intoxicating beverages that day. Walston claimed she spun the tires because she was not accustomed to a big vehicle and because it had rained and the "roads were still a little bit slippery."

The State of Tennessee introduced evidence establishing Walston was very aggravated and argumentative while Sergeant Holloway was conducting his investigation. One of the officers told Walston if she did not calm herself, she would be arrested. Her brother accompanied her inside the residence.

## I.

The defendant contends the evidence contained in the record is insufficient, as a matter of law, to support a finding by a rational trier of fact that (a) she was driving the pickup truck on the night in question, (b) she drove the pickup truck recklessly, and (c) she resisted arrest. Therefore, this court must address the law governing appellate review in criminal prosecutions.

## A.

When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App.), per. app. denied, (Tenn. 1990).

In determining the sufficiency of the convicting evidence, this court does not reweigh

4

or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App.), per. app. denied (Tenn. 1990). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859, cert. denied, 352 U.S. 845, 77 S.Ct. 39, 1 L.Ed.2d 49 (1956). To the contrary, this court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this court. Cabbage, 571 S.W.2d at 835. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), our supreme court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Since a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. Tuggle, 639 S.W.2d at 914.

**B.**

Before an accused can be convicted of driving a motor vehicle while under the influence, the State of Tennessee is required to prove beyond a reasonable doubt the accused (a) drove a motor vehicle, (b) on a public roadway, and (c) was under the influence of an intoxicant or narcotic drug. Tenn. Code Ann. § 55-10-401. Like any offense, the State of Tennessee may establish these elements of the offense by direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence.

5

In this case, Sergeant Holloway testified the defendant was behind the steering wheel when the pickup truck came to a stop. The defendant exited the pickup truck through the driver's side door. She also demanded that Sergeant Holloway explain to her why she had been stopped. Consequently, there is sufficient evidence to support a finding by a rational trier of fact the defendant was the driver of the pickup beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 278, 61 L.Ed.2d 560 (1979).

**C.**

Before an accused can be convicted of resisting arrest in the context of this case, the state is required to prove beyond a reasonable doubt (a) the accused knew the person attempting to arrest her was a law enforcement officer; (b) the defendant attempted to prevent or obstruct the arrest; (c) the defendant used force; and (d) the defendant's conduct was intentional. Tenn. Code Ann. § 39-16-602(a). The state established each element of this offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, supra.

The defendant knew Sergeant Holloway was a police officer. Before the pickup driven by the defendant came to a stop, Sergeant Holloway activated the emergency lights on top of the patrol car and sounded his siren. He was dressed in a police officer's uniform. Moreover, everyone present knew Officer Dycus, who arrived to assist Sergeant Holloway, and they were aware he was a police officer.

The defendant intentionally attempted to prevent Sergeant Holloway from arresting her. When Sergeant Holloway told the defendant she was being arrested, he attempted to handcuff the defendant. She made every effort to pull away to prevent being handcuffed. Sergeant Holloway was able to place the handcuffs on one wrist. The defendant continued to pull away. Officer Dycus assisted Sergeant Holloway in handcuffing the defendant. Sergeant Holloway testified he, Officer Dycus, and the defendant "scuffled just a little bit" before the handcuffing procedure could be completed.

6

Before an accused can be convicted of reckless driving in the context of this case, the state must prove beyond a reasonable doubt the accused (a) drove a motor vehicle and (b) did so in willful and wanton disregard for the safety of persons or property. Tenn. Code Ann. § 55-10-205(a). The state failed to establish beyond a reasonable doubt the defendant drove the pickup truck in willful and wanton disregard for the safety of other persons or property.

The only facts in evidence which could conceivably constitute reckless driving were (a) pulling away from the driveway of the dairy bar and spinning the tires on the truck and (b) driving the vehicle at a high speed. The distance between the dairy bar and the driveway the pickup truck entered was one-tenth of a mile.

The record reflects the driveway of the dairy bar is gravel. There was evidence the pavement was wet. The evidence regarding the squealing of tires came from Sergeant Holloway. He stated the pickup truck "spun its tires in a reckless manner." He further testified the tires were spun on the pavement of the highway as the pickup left the dairy bar driveway. The record is devoid of evidence explaining why the tires were spun "in a reckless manner." This court can envision the spinning of the tires being caused by loose gravel lying on the highway or the dampness of the roadway. On the other hand, this act could have resulted from the speed of the vehicle as it left the driveway.

Sergeant Holloway testified the truck was traveling at "a rather high rate of speed." However, Sergeant Holloway testified "I'm not really sure how fast that we got before the vehicle ran into a private driveway." He admitted he did not look at the speedometer while he was pursuing the pickup truck.

The record is devoid of evidence regarding the topography of the highway between the driveway and the private drive. Nor is there any evidence regarding the presence of other vehicles on the highway at the time in question. Sergeant Holloway did not mention any erratic driving.

Applying the rules governing appellate review, this court is of the opinion the state failed to establish that the defendant was guilty of reckless driving. State v. Ronald

Mitchell, Lauderdale County No. 02-C-01-9702-CC-00070, 1997 WL 567913 (Tenn. Crim. App., Jackson, September 15, 1997); State v. Ronnie L. Hollie, Shelby County No. 13, 1988 WL 23572 (Tenn. Crim. App., Jackson, March 16, 1988). Therefore, this conviction is reversed and the prosecution is dismissed.

## II.

The defendant contends the indictment in this case fails to state the crime of resisting arrest. She argues the indictment does not allege she knew Sergeant Holloway was a law enforcement officer. In the alternative, she argues the crime charged was an "attempt to obstruct justice," a lesser included offense of resisting or obstructing an officer. The State of Tennessee, citing Tenn. Code Ann. § 40-13-202 and State v. Byrd, 820 S.W.2d 739 (Tenn. 1991), simply states, "Count III adequately informed Defendant of the charge against her, and therefore it is a valid indictment."

## A.

The record does not contain a motion to dismiss Count III of the indictment prior to trial. As a general rule, the defendant must challenge a defect in an indictment prior to trial pursuant to Rule 12, Tennessee Rules of Criminal Procedure. If the defendant fails to raise the defect prior to trial, the defendant waives the issue. Tenn. R. Crim. P. 12(f). However, Rule 12(b)(2) provides that the defendant may challenge an indictment "at any time during the pendency of the proceedings" if the indictment (a) fails to establish the trial court had jurisdiction to entertain the prosecution or (b) fails to state a crime. Moreover, Rule 52(b), Tennessee Rules of Criminal Procedure, provides that "[a]n error which has affected the substantial rights of an accused may be noticed at any time, even though not raised in the motion for a new trial or assigned as error on appeal, in the discretion of the appellate court." See State v. Adkisson, 899 S.W.2d 626, 639-40 (Tenn. Crim. App. 1994).

The record reflects the defendant did not raise this issue in the motion for a new trial. Ordinarily, this omission results in the waiver of the issue. Tenn. R. App. P. 3(e).

8

Nevertheless, this court can consider the issue within the exercise of its discretion. Tenn. R. Crim. P. 52(b); Tenn. R. App. P. 13(b). See Adkisson, supra.

**B.**

Count III of the indictment states in part:

> The Grand Jurors of Grundy County, Tennessee, duly impaneled and sworn upon their oath, present that:
>
> **WANDA KAY ZAID** on the 19th day of August, 1995, in Grundy County, Tennessee, and before the finding of this Indictment, did unlawfully and intentionally attempt to obstruct one **WILLIAM G. HOLLOWAY**, a Law Enforcement Officer, from effecting an arrest of one **WANDA KAY ZAID**, by using force against the said **WILLIAM S. HOLLOWAY** in violation of **T.C.A. 39-16-602**, all of which is against the peace and dignity of the State of Tennessee.

This court is of the opinion Count III alleged the offense of resisting arrest.

As previously noted, the elements of resisting an arrest in the context of this case are: (a) the defendant knew Sergeant Holloway, the person attempting to arrest her, was a law enforcement officer, (b) the defendant attempted to prevent or obstruct Sergeant Holloway from arresting her, (c) the defendant used force against Sergeant Holloway, and (d) the defendant's conduct was intentional. Tenn. Code Ann. § 39-16-602(a). These elements are present either expressly or implicitly in this count of the indictment.

This issue is without merit.

**III.**

The defendant contends the trial court failed to comply with the requirements of the Tennessee Criminal Sentencing Reform Act of 1989 when imposing sentence for these offenses. The defendant argues the trial court failed to state its reasons for imposing a sentence in excess of the mandatory minimum sentence for driving while under the influence, and the trial court did not consider the purposes and considerations set forth in the Act.

When an accused challenges the length of the sentences imposed by the trial court, it is the duty of this court to conduct a de novo review on the record with a presumption that "the determinations made by the trial court from which the appeal is taken are correct." Tenn. Code Ann.§ 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this case, there is no indication on the face of the record the trial court considered the sentencing principles. Therefore, this court's review is de novo without a presumption of correctness.

This court has considered the sentencing principles and all relevant facts and circumstances contained in the record. There are two enhancement factors present. First, the defendant has been convicted of two prior misdemeanor offenses, public drunkenness and failing to stop in obedience to a stop sign. Tenn. Code Ann. § 40-35-114(1). These are significant because the defendant was intoxicated while driving the pickup truck, and the running of the stop sign was a traffic offense. Second, the crime was committed under circumstances where the potential for bodily injury to a victim was great. Tenn. Code Ann. § 40-35-114(16). When a driver who is under the influence of an intoxicant travels the public roadways of this state, the lives of other persons are placed in jeopardy. The decisions of this court are replete with cases where a person driving under the influence killed another person and was convicted of vehicular homicide. In addition, the dockets of this court are continually filled with vehicular homicide cases.

Confinement for more than the minimum mandatory is required to avoid depreciating the seriousness of the offense as well as to deter others who are likely to commit similar offenses. Tenn. Code Ann. § 40-35-103(1)(B). This court is of the opinion the sentences imposed by the trial court are reasonable and should be affirmed.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:


_____
PAUL G. SUMMERS, JUDGE



_____
WILLIAM M. BARKER, JUDGE